**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

| | | |
|---|---|---|
| **GERQUARIUS HOLLIDAY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **No. 1:25-cv-01235-STA-jay** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255**

---

Before the Court is Movant Gerquarius Holliday's Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1).  Holliday, who is representing himself, is an

inmate, Bureau of Prisons register number 92863-510, currently housed at the Federal Correctional

Institution in Manchester, Kentucky. The United States of America has responded in opposition to

Holliday's § 2255 Motion.  For the reasons set forth below, the Motion is **DENIED**.

**<u>BACKGROUND</u>**

On December 11, 2023, a grand jury returned an indictment (no. 1:23-cr-10083, ECF No.

1), charging Holliday with one count of being a person previously convicted of a felony offense in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Holliday was brought before the

United States Magistrate Judge for an initial appearance on the charge on December 27, 2023.  At

the conclusion of the initial appearance, the Magistrate Judge appointed Assistant Federal Public

Defender Dianne Smothers, Esq. to represent Holliday. The Magistrate Judge held a detention

hearing and arraignment on December 27, 2023, at which time Holliday entered a plea of not guilty

to the charge.

1

After the entry of a scheduling order (no. 1:23-cr-10083, ECF No. 18) to govern the pretrial phase of the case, Holliday filed a request for a change of plea hearing as well as a motion to dismiss the indictment.  In his motion to dismiss (no. 1:23-cr-10083, ECF No. 21), Holliday argued that the indictment against him should be dismissed because § 922(g)(1) violated his Second Amendment rights, and, thus, was facially unconstitutional.  Defendant argued in the alternative that § 922(g)(1) was unconstitutional as applied to him because his prior felony convictions were not the kind of convictions that would find historical support for the disarmament of persons otherwise protected by the Second Amendment.  The Court denied the motion to dismiss by written order (ECF No. 23) entered July 23, 2024.

On September 25, 2024, the Court held a change-of-plea hearing to determine whether to accept Holliday's guilty plea.  Under the terms of the written plea agreement (no. 1:23-cr-10083, ECF No. 33), Holliday had agreed to plead guilty to the firearms offense charged in Count 1 of the Indictment.  As part of the plea agreement, the parties agreed to recommend a sentence of 150 months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  The United States also agreed not to oppose a reduction for acceptance of responsibility and not to seek an Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e).  For his part, Holliday waived his right to appeal, unless his sentence exceeded the statutory maximum or resulted from an upward departure from the Guidelines range established at sentencing. Holliday also waived his right to file a motion to vacate pursuant to 28 U.S.C. § 2255 except for claims based on prosecutorial misconduct or ineffective assistance of counsel.

During the change-of-plea hearing, the undersigned conducted a Rule 11 colloquy, making certain that Holliday understood the charge to which he was pleading guilty, the minimum and maximum penalties, the rights he was giving up by pleading guilty, and the procedure for the

2

sentencing phase.  Holliday confirmed that he was satisfied with his attorney's representation and

that his attorney had thoroughly reviewed the plea agreement with him and gone over the possible

sentences for Holliday's offense.

In anticipation of sentencing, the United States Probation Office prepared a presentence

report (the "PSR") (no. 1:23-cr-10083, ECF No. 38).  According to the PSR, Holliday had provided

a written statement of acceptance of responsibility to the probation officer.  Holliday's written

statement read as follows:

> I am Gerquarius Holliday. On October 1, 2022, I was in possession of a pistol.
> Before that date I had been convicted of a felony. I was not supposed to have
> possession of any firearm. I am so sorry about this. I am sorry for the trouble this
> has caused my family, and I am going to do everything I can to never be in this
> situation again.

PSR ¶ 12. The PSR went on to report that Holliday had at least three prior felony offenses for

aggravated burglary. The PSR indicated the courts in which Holliday was convicted of the felony

offenses, the dates of his sentences, and the term of incarceration for each offense.

The Court held a sentencing hearing on December 23, 2024.  After hearing argument from

counsel and allocution from Holliday and analyzing the sentencing factors set forth in 18 U.S.C.

§ 3553(a),[1] the Court accepted the parties' recommendation and sentenced Holliday to 150

---

[1] Pursuant to 18 U.S.C. § 3553(a), a court must reach an appropriate sentence by considering "the kinds of sentence and the sentencing range" under the advisory Guidelines and "policy statements," as well as the following additional factors: "the nature and circumstances of the offense and the history and characteristics of the defendant; ... the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct[,] . . . to protect the public from further crimes of the defendant[,] and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

months' incarceration on Count 1, to be followed by three years' supervised release. Judgment (no. 1:23-cr-10083, ECF No. 41) was entered the same day. Holliday did not appeal.

Holliday's § 2255 Motion alleges four grounds for relief. Ground 1 alleges that trial counsel was ineffective for four different reasons. Counsel allegedly failed to (1) challenge the sufficiency of the evidence under *Rehaif*, (2) "object to unlawful enhancements," (3) "investigate mitigating evidence," and (4) "properly advise Movant during plea negotiations." Ground 2 alleges that Holliday's conviction is invalid under *Rehaif* because the government failed to prove Holliday knew about his status as a felon. Ground 3 alleges that the Court committed error at sentencing by improperly engaging in judicial fact-finding and applying unspecified enhancements. Ground 4 alleges unspecified due process violations. The government has responded in opposition to the § 2255 Motion and furnished an affidavit from trial counsel Ms. Smothers.

## STANDARD OF REVIEW

A petitioner seeking § 2255 relief "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (citation omitted). A movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *United States v. Brown*, 957 F.3d 679, 690 (6th Cir. 2020). "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion*, 43 F.4th at 578 (citation omitted).

The Sixth Amendment guarantees criminal defendants "the right . . . to have the Assistance of Counsel for [their] defence." U.S. Const. am. VI. The right to counsel includes "the right to

4

the effective assistance of counsel." *Garza v. Idaho*, 586 U.S. 232, 237 (2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The Supreme Court has described the right to effective assistance of counsel as "a bedrock principle" and the "foundation for our adversary system" of criminal justice. *Martinez v. Ryan*, 566 U.S. 1, 12 (2012). "[T]he Sixth Amendment's requirement that defendants receive 'the effective assistance of competent counsel' extends to all critical stages of a criminal proceeding." *Gilbert v. United States*, 64 F.4th 763, 770 (6th Cir. 2023) (quoting *Byrd v. Skipper*, 940 F.3d 248, 255 (6th Cir. 2019)). A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is cognizable under § 2255. *Gilbert*, 64 F.4th at 770 (citing *Massaro v. United States*, 538 U.S. 500, 504, 508–09 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to carry his burden and show that he was deprived of his right to counsel, Holliday "must show deficient performance by counsel and resulting prejudice to the defendant." *Griffin*, 330 F.3d at 736 (citing *Strickland*, 466 U.S. at 687, 694). First, to demonstrate deficient performance, Holliday "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 at 690. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

Then, to demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

Section 2255 states, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon[.]" 28 U.S.C. § 2255(b); *see also* Rules Governing § 2255 Proceedings, Rule 4(b). The Sixth Circuit has "interpreted this statutory language (and the accompanying procedural rules) to require a hearing only if a prisoner meets a standard analogous to the summary-judgment test by creating a legitimate dispute over a legally important fact." *Wallace v. United States*, 43 F.4th 595, 606–07 (6th Cir. 2022) (citations omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

## **ANALYSIS**

### **I. Grounds 2, 3, & 4 – Holliday's Waiver of his Right to File a Collateral Attack**

The threshold issue presented is whether Holliday made a valid waiver of his right to file a § 2255 Motion. In his plea agreement with the government, Holliday agreed "not to contest his

sentence in any post-conviction proceeding, including "a proceeding under 28 U.S.C. § 2255." Plea Agr. ¶ 7 (no. 1:22-cr-10083, ECF No. 33).  The government argues that the collateral attack waiver in the plea agreement precludes the claims alleged in Grounds 2, 3, and 4.

A defendant may bargain away a right, "even a constitutional one," as part of a plea agreement, as long as he does so knowingly and voluntarily.  *Portis v. United States*, 33 F.4th 331, 334–35 (6th Cir. 2022) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  The same reasoning permits a defendant to "waive his right to bring future postconviction challenges, which are not constitutionally required, so long as the waiver is knowing and voluntary."  *Id*. at 335 (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)).  Here, Holliday has not alleged that he did not knowingly and voluntarily enter into the collateral attack waiver or that Ms. Smothers provided ineffective assistance in negotiating a plea agreement with such a waiver. Holliday does vaguely allege that Ms. Smothers was ineffective because she did not "properly advise [Holliday] during plea negotiations."  "Conclusory allegations" of this sort are not enough to state a valid § 2255 claim.  *Gabrion*, 43 F.4th at 578. As a result, Holliday has not properly challenged the enforceability of the plea agreement's collateral attack waiver.

And the record belies any such notion that Holliday did not knowingly and voluntarily enter into the plea agreement.  Federal Rule of Criminal Procedure 11 governs plea bargaining and requires a district court "before the court accepts a plea of guilty . . . [to] address the defendant personally in open court" and as part of the address or colloquy, to "inform the defendant of, and determine that the defendant understands" his trial-related rights and the consequences of waiving them by entering into a guilty plea.  Fed. R. Crim. P. 11(b)(2).  The Court also has a duty to "determine that the plea is voluntary and did not result from force, threats, or promises (other than

promises in a plea agreement)" and "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(2) & (3).

At the change-of-plea hearing, the Court conducted a full Rule 11 plea colloquy with Holliday. Holliday affirmed under oath that he had discussed his case with Ms. Smothers and was satisfied with her representation. Plea Hr'g Tr. 10:3–11. Holliday stated to the Court that he had signed the plea agreement (*id*. at 16:2–8), that he had gone over the agreement with Ms. Smothers prior to signing it (*id.* at 16:9–16), and that he understood the terms of the agreement (*id.*). After the Assistant United States Attorney read the plea agreement aloud, Holliday stated that the terms and conditions read aloud were the terms and conditions as he understood them. *Id.* at 23:2–4. The Court then reviewed several provisions of the plea agreement in more detail with Holliday, including the collateral attack waiver. After the Court explained the waiver to Holliday, Holliday affirmed that he understood the waiver and that he intended to give up his right to mount a collateral attack on his sentence. *Id.* at 25:2–10. The Court specifically found at the conclusion of the colloquy that Holliday had freely and voluntarily given up his right to file a collateral attack against his sentence. *Id*. at 28:14–19.

A defendant's response in open court and as part of a Rule 11 plea colloquy "must prevail over the assertions in [a] § 2255 motion." *Roman v. United States*, 2021 WL 8055773, at *2 (6th Cir. 2021) (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)). "Solemn declarations in open court carry a strong presumption of verity," and even though "the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable," overcoming that presumption must nevertheless require considerable support in the record. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Holliday's statements to the Court during the Rule 11 plea colloquy are entitled to a presumption of truth, and Holliday has not cited anything in the record

8

to displace that presumption. In the absence of some showing as to why the Court should not enforce the collateral attack waiver, the Court concludes that Holliday knowingly and voluntarily waived his right to challenge his conviction and sentence, and the manner in which his sentence was determined, in a collateral attack. Because Holliday's § 2255 must be denied as to Grounds 2, 3, and 4 for this reason alone, the Court need not reach the government's alternative argument that Holliday's claims in Grounds 2, 3, and 4 fail due to Holliday's procedural default.

## II. Ground 1 – Ineffective Assistance of Counsel

While the collateral attack waiver blocks three of the grounds raised in his § 2255, the collateral attack waiver preserved Holliday's right to argue ineffective assistance of counsel in a § 2255. Ground 1 of the § 2255 actually argues that trial counsel was ineffective in four discrete ways: counsel's failure to (1) challenge the sufficiency of the evidence under *Rehaif*, (2) "object to unlawful enhancements," (3) "investigate mitigating evidence," and (4) "properly advise Movant during plea negotiations." Holliday's allegations are short on specifics. In fact, Holliday's § 2255 Motion fails to allege any facts at all to support his claim other than his broad allegations about counsel's supposed failures.

Rule 2 of the Rules Governing § 2255 Motions requires the motion to state the facts supporting each ground for relief. "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion*, 43 F.4th at 578. And conclusory claims about actions a trial lawyer failed to take are not enough. *Mitchell v. United States*, No. 17-5406, 2017 WL 8791095, at *1 (6th Cir. Oct. 30, 2017) (denying a certificate of appealability in a § 2255 where the movant alleged his trial lawyer had not "file[d] any motions" but without "identify[ing] any motions that were required"). The Court holds that Holliday has

not satisfied this pleading standard to show with particularity how counsel's conduct fell below the *Strickland* standard.

Moreover, nothing in the record supports Holliday's generalized claims that his lawyer failed to contest the sufficiency of the evidence or investigate mitigating evidence or object to sentencing enhancements. Where the record refutes the allegations of a § 2255 motion, the Court can dismiss the claim without a hearing. *Monea*, 914 F.3d at 422. The Court considers each separate allegation of ineffective assistance in turn.

**A. Sufficiency of the Evidence Under *Rehaif***

Holliday first alleges that counsel failed to challenge the sufficiency of the evidence based on *Rehaif*. The United States Supreme Court in *Rehaif v. United States*, 588 U.S. 225, 230, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019) held that "defendants do not violate § 922(g)(1) unless they *know* that they have been convicted of a crime punishable by more than one year in prison when they possess firearms." *Wallace*, 43 F.4th at 598 (emphasis in original). Holliday has not shown, however, that counsel was ineffective regarding *Rehaif*.

Holliday admitted his guilt on the charge of being a felon in possession. Where a defendant complains of ineffective assistance prior to a guilty plea, "a guilty plea represents a break in the chain of events and extinguishes the defendant's right to raise independent claims relating to events that occurred prior to the entry of the guilty plea." *United States v. O'Neill*, 94 F.4th 531, 537 (6th Cir. 2024) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Put another way, "'[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,' including claims of ineffective assistance of counsel that do not relate to the voluntariness of the plea." *Hawkins v.*

*United States*, No. 22-5265, 2022 WL 4682518, at \*4 (6th Cir. Sept. 8, 2022) (citing *Tollett*, 411 U.S. at 266-67).

Holliday's claim of ineffectiveness is without merit. The indictment alleged that Holliday knew he had been convicted of a felony offense prior to possessing the firearm. As the Court has already noted, Holliday entered into a plea agreement and thereby admitted each of the facts alleged in the indictment and that he was in fact guilty of the offense under § 922(g)(1). As part of the written agreement signed by Holliday, Holliday admitted the fact of his prior felony offense. Holliday restated his admission at the change-of-plea hearing. The government reviewed the proof at the change-of-plea hearing, including the fact about Holliday having prior felonies. Holliday admitted to the Court under oath that the facts were true.

Following his change of plea, Holliday submitted a written statement to the probation officer in which he again admitted he had a prior felony offense. The probation officer included the written statement in the PSR and documented several prior felony convictions. Holliday does not allege that Ms. Smothers provided ineffective assistance in negotiating the plea bargain itself, just that he was dissatisfied with her failure to contest the sufficiency of the evidence concerning Holliday's prior felonies. As a result, the *Tollett* rule now bars Holliday from alleging that Ms. Smothers provided ineffective assistance of counsel prior to his decision to change his plea.

Furthermore, the record of the change-of-plea hearing flatly contradicts Holliday's contention about Ms. Smothers's representation. As part of the plea colloquy required by Rule 11(b), the Court asked Holliday a series of questions about Ms. Smothers's representation. The following exchange between the Court and Holliday took place:

> THE COURT: And have you had an opportunity to discuss your case fully and completely with your attorney, Ms. Smothers?

> THE DEFENDANT: Yes, sir.

THE COURT: Has Ms. Smothers been able to explain to your satisfaction what the facts of the case are, what the law is that would apply in your case, and what your choices or options are about whether to go to trial or enter a plea of guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with Ms. Smothers' representation of you in this case?

THE DEFENDANT: Yes, sir.

Plea Hr'g Tr. 9:24–10:11 (no. 1:23-cr-10083, ECF No. 44).

"Solemn declarations in open court carry a strong presumption of verity," and even though "the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable," overcoming that presumption must nevertheless require considerable support in the record. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This typically means a defendant's response in open court and as part of a Rule 11 plea colloquy "must prevail over the assertions in [a] § 2255 motion." *Roman v. United States*, 2021 WL 8055773, at *2 (6th Cir. 2021) (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)). Holliday's sworn response during the plea colloquy that he had "fully and completely" discussed his case with Ms. Smothers and that Ms. Smothers had explained "to [his] satisfaction what the facts of the case are " contradict his after-the-fact claim that he was dissatisfied with Ms. Smothers' decision concerning the *Rehaif* element of the case.

And based on Holliday's representations during the change-of-plea hearing, Holliday is not entitled to an evidentiary hearing on this claim. As the Court has already noted, where a defendant uses a § 2255 Motion to refute statements previously made under oath and in open court, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that

12

necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005)).  The Court concludes that Holliday has not carried his burden to show that Ms. Smothers's representation was constitutionally deficient as to her decision not to contest the sufficiency of the proof about Holliday's prior felony convictions. Therefore, Holliday's § 2255 Motion is **DENIED** as to this issue.

### B. Objections to Unspecified Enhancements

Next, Holliday alleges in Ground 1 that Ms. Smothers failed to object to unspecified enhancements that the Court reached based on its own judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005).  Just as with his claim on the *Rehaif* issue, Holliday has offered only a conclusory allegation and failed to meet the pleading requirements to demonstrate the specific facts supporting his claim.  Construing the allegation liberally in Holliday's favor, the claim seems to relate to two different sentencing factors: the fact that the gun possessed by Holliday was stolen and the fact that Holliday was arguably subject to a statutory minimum sentence under the ACCA.  Whatever the precise contours of Holliday's argument, he has not shown why Ms. Smothers was ineffective on these points or how any alleged ineffectiveness caused him prejudice.

Take the stolen firearm enhancement first. The PSR calculated a Guidelines sentencing range in Holliday's case of 18 to 24 months based on a total offense level of 13 and a criminal history category of III.  In arriving at Holliday's total offense level, the PSR began with a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6) and increased it by two points pursuant to § 2K2.1(b)(4)(A) because the firearm possessed by Holliday was stolen. After giving Holliday a combined reduction of three points for acceptance of responsibility, the probation officer

calculated a total offense level of 13.  To the extent that Holliday alleges Ms. Smothers should have objected to the additional two points for the stolen weapon, Holliday has not shown prejudice. Even if the defense had successfully objected to the two points, the fact remains Holliday agreed to a recommended sentence of 150 months, a recommendation the Court accepted at sentencing. Therefore, the additional two points for possessing a firearm did not alter the outcome of the proceedings.

The other "enhancement" Holliday seems to allege here concerns the role of the Armed Career Criminal Act in his plea negotiations and the parties' Rule 11(c)(1)(C) sentencing recommendation. "The ACCA requires a fifteen-year mandatory minimum sentence for any person convicted under § 922(g) if they have at least three previous convictions for 'a violent felony or a serious drug offense.'" *United States v. Clark*, 46 F.4th 404, 409 (6th Cir. 2022) (citing 18 U.S.C. § 924(e)(1)). "It is true as a general proposition that virtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Erlinger v. United States*, 602 U.S. 821, 834, 144 S.Ct. 1840, 219 L.Ed.2d 451 (2024) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)) (cleaned up). Nevertheless, the Supreme Court recognized a "narrow" exception to the general rule, "permitt[ing] a judge to undertake the job of finding the fact of a prior conviction." *Id.* at 837, 144 S.Ct. 1840 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 246–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

The record shows that Holliday's possible ACCA mandatory minimum was a central issue in his case.  The Court has already noted that Holliday had at least three prior felony convictions, all for aggravated burglary. The parties recognized that even though Holliday's Guidelines range

14

suggested a much shorter term of imprisonment, the possibility of the ACCA enhancement meant he could face up to 180 months. As Ms. Smothers explained at sentencing, the parties "negotiated extensively" over the ACCA issue, adding, "This was the issue. This was always the issue in the case." Sentencing Tr. 13:23–25 (no. 1:23-cr-10083-STA, ECF No. 45).  Following the Supreme Court's ruling in *Erlinger*, the parties understood that unless Holliday entered into a plea agreement for a shorter sentence, a jury would need to decide whether the ACCA enhancement applied. The government agreed not to seek the ACCA enhancement in exchange for Holliday's decision to plead guilty and stipulate to a somewhat shorter sentence.  Rather than risk trial and a mandatory minimum sentence of 180 months, Holliday decided to accept a Rule 11(c)(1)(C) agreement for a recommended sentence of 150 months.

The upshot is the Court did not engage in judicial fact-finding at sentencing as part of the application of an ACCA enhancement.  Instead the Court accepted the parties' recommendation that the agreed sentence of 150 months was appropriate in Holliday's case. *See* Fed. R. Crim. P. 11(c)(1)(C) (allowing the government and a defendant to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply"). Holliday has not shown that Ms. Smothers should have objected at sentencing to any impermissible judicial fact-finding or why her failure to object caused Holliday any prejudice.

What is more, the record shows that Ms. Smothers thoroughly discussed this with Holliday and that Holliday understood how the ACCA was a significant issue in his sentencing.  "[W]hen the Government chooses to enter into plea negotiations, the Constitution requires that defendants receive effective assistance in navigating that crucial process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018) (citing *Lafler v. Cooper*, 566 U.S. 156, 168 (2012)). Effective

15

assistance includes "accurate advice regarding sentence exposure." *Id.* (citations omitted). "A criminal defendant has a right to expect at least that his attorney will . . . explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003). Defense counsel cannot sufficiently explain sentencing exposure to a defendant without "completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time." *Id.*

Ms. Smothers's counsel regarding Holliday's sentencing exposure on the ACCA issue was reasonable. At the sentencing hearing, Ms. Smothers explained in some detail the role of the ACCA issue in Holliday's case. Ms. Smothers acknowledged at sentencing that she was "not happy" with the agreed sentence of 150 months but that the agreed sentence was preferable to a jury finding the ACCA enhancement applied, which would have resulted in a sentence of at least 180 months. Sentencing Tr. 14:10–14. Ms. Smothers has also shown through her affidavit (ECF No. 11-1) that she explained the ACCA issue to Holliday in a series of letters and meetings. According to the affidavit, Holliday authorized Ms. Smothers to negotiate a plea bargain. As part of the negotiation, the government proposed an agreed sentence of 150 months. Ms. Smothers countered and asked for 84 months. When the United States refused Ms. Smothers' counteroffer, Ms. Smothers made a second counteroffer of 120 months, which the government also turned down. At the end of the process, Holliday agreed to the 150-month recommended sentence.

A court must "assess counsel's performance based on counsel's perspective at the time, considering all the circumstances, rather than in the harsh light of hindsight." *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (internal quotation marks and citations omitted). The fact is Holliday had three or more qualifying ACCA violent felonies based on his prior convictions

for aggravated burglary. The Supreme Court held in *United States v. Stitt*, 586 U.S. 27 (2018) that aggravated burglary under Tennessee law constituted a violent felony for purposes of the ACCA. *See also Brumbach v. United States*, 929 F.3d 791, 792 (6th Cir. 2019). The record shows that at the time of his illegal gun possession, Holliday actually had six aggravated burglary convictions. According to the PSR, Holliday committed an aggravated burglary on October 7, 2011; three aggravated burglaries at three different locations on October 11, 2011; one aggravated burglary on September 5, 2012; and one aggravated burglary on September 7, 2012.

Based on this criminal history, Ms. Smothers' advice to avoid a jury verdict on the ACCA issue and accept the negotiated sentence was not unreasonable, much less constitutionally deficient in a *Strickland* sense.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Holliday has not only failed to dislodge this presumption.  The record of the proceedings shows that Ms. Smothers obtained an improved result for Holliday at sentencing by entering into a stipulation for a recommended sentence below the statutory minimum. Holliday has not shown then why Ms. Smothers's representation was ineffective or how Ms. Smothers's alleged ineffectiveness resulted in prejudice to Holliday.  Therefore, Holliday's § 2255 Motion is **DENIED** as to this issue.

### C. Investigate Mitigating Evidence

Holliday also alleges in Ground 1 that Ms. Smothers failed to "investigate mitigating evidence." Holliday's conclusory allegation lacks any factual support and therefore fails to state a claim for ineffective assistance of counsel. *Gabrion*, 43 F.4th at 578.  Therefore, this claim must be dismissed for this reason alone. And for reasons the Court has explained, Holliday's "guilty plea represents a break in the chain of events and extinguishes the defendant's right to raise

17

independent claims relating to events that occurred prior to the entry of the guilty plea." *O'Neill*, 94 F.4th at 537. Therefore, the *Tollett* rule once again bars Holliday from alleging that Ms. Smothers provided ineffective assistance of counsel prior to his decision to change his plea. Holliday's § 2255 Motion is **DENIED** as to this issue.

### D. Properly Advise Holliday During Plea Negotiations

The same reasoning dooms Holliday's last claim of ineffective assistance. As the fourth example of ineffective assistance, Holliday alleges that Ms. Smothers did not properly advise him during plea negotiations. This claim is as threadbare as Holliday's other claims of ineffective assistance. The claim must be dismissed for this reason alone.

Even if Holliday could allege facts to show counsel failed to advise him during plea negotiations, Holliday must still show that Ms. Smothers's alleged ineffectiveness resulted in prejudice. As part of this showing, Holliday must prove either that he would have gone to trial but for counsel's ineffectiveness or that he would have bargained for a more favorable plea. In order to prove prejudice in the context of plea negotiations, the defendant must show "a reasonable probability that, with proper advice, the outcome of those negotiations would have been different." *Rodriguez-Penton*, 905 F.3d at 489–90. A defendant can establish prejudice by "showing he would have gone to trial but for the bad advice during the plea process" or that "had he known about the risk of adverse . . . consequences, he would have bargained for a more favorable plea." *Gilbert*, 64 F.4th at 771 (citations omitted).

Showing prejudice with proof he would have gone to trial requires a defendant to satisfy a two-part test: (1) going to trial "would have been rational" under the circumstances of his case; and (2) a reasonable likelihood based on "evidence contemporaneous with his plea" that the defendant would have elected to go to trial. *United States v. Singh*, 95 F.4th 1028, 1033 (6th Cir.

18

2024) (citing *Lee v. United States*, 582 U.S. 357, 370 (2017)) (other citations omitted). This showing is a "high bar" for a defendant who pleaded guilty and available only in "unusual circumstances." *Id.* at 1033–34 (quoting *Lee*, 582 U.S. at 368–69).

Showing prejudice with proof he would have bargained for a more favorable plea requires a defendant to show "based on contemporaneous evidence" the following elements: (1) a reasonable probability the defendant would have rejected the plea offer, (2) the government would have made an offer more favorable for the defendant, (3) the defendant would have accepted the more favorable offer, and (3) the trial court would have accepted the plea bargain. *Id.* at 1034 (citations omitted). This is also a "difficult standard to meet" and one "rarely" successful. *Id.*

Nothing in the record suggests that Holliday could satisfy the high standard and make either showing to prove his ineffective assistance claim. Holliday has not alleged or even implied that there is contemporaneous evidence that going to trial "would have been rational" or that he would have in fact gone to trial. *Singh*, 95 F.4th at 1033. Furthermore, there is no evidence the government made more than one plea offer to Holliday or would have considered an offer for a specific sentence. On the contrary, Ms. Smothers' affidavit shows that the government refused the defense's counter offers and remained steadfast on an agreed sentence of 150 months. For all of these reasons, Holliday has not met his burden to show that any ineffectiveness on counsel's part prejudiced Holliday during the plea bargaining process. Therefore, Holliday's § 2255 Motion is **DENIED** as to this issue.

## III.    Appeal Issues

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional

19

right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.  The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337). In this case, for the reasons previously stated, Holliday's collateral attack waiver, his failure to plead any facts to support his ineffective assistance claims, and the lack of substantive merit in his claims, Holliday cannot present a question of some substance about which reasonable jurists could differ. The Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952.

Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or

20

otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**.  If Holliday files a notice of appeal, he must also pay the full $605 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (see Fed. R. App. P. 24(a)(4)-(5)).

**IT IS SO ORDERED**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  April 13, 2026.

21